## J. M. AMBROSE *v.* KEALAKAA.

## No. 1373.

### ERROR TO CIRCUIT COURT SECOND CIRCUIT.
### HON. H. L. ROSS, JUDGE.

SUBMITTED MAY 15, 1922.                    DECIDED JUNE 8, 1922.

EDINGS AND PERRY, JJ., AND CIRCUIT JUDGE ANDRADE
IN PLACE OF PETERS, C. J., DISQUALIFIED.

ATTORNEY AND CLIENT—*authority of attorney to disclaim title, in eject-ment.*

An attorney has not the power to file, on behalf of his client, in an action of ejectment a disclaimer of all title, unless thereto authorized by the client.

EJECTMENT—*unauthorized disclaimer—evidence.*

When in an action of ejectment a paper, purporting to be a discontinuance by the plaintiff and a disclaimer of all title on the part of the defendant, is filed, not bearing the defendant's signature and signed merely "M., Attorney for defendant," and not

followed by a judgment for the plaintiff for the recovery of the land, it is open to defendant, in a second action of ejectment between the same parties and relating to the same land, to claim and prove that the execution and filing of the disclaimer were without his authority and knowledge.

OPINION OF THE COURT BY PERRY, J.

This is an action of ejectment brought for the recovery of a piece of land containing an area of 25/100 of an acre and situate in the district of Lahaina, Island of Maui, and for damages for the detention thereof. The defendant filed an answer of general denial. At the trial the plaintiff presented evidence which was claimed to constitute *prima facie* proof of paper title and rested. The defendant thereupon offered evidence tending to show that for more than the statutory period preceding the commencement of the action he had held adverse possession of the land within the meaning of the law relating to that defense. All of the evidence so offered was excluded. Under the express direction of the court the jury rendered a verdict for the plaintiff and judgment was entered accordingly. The cause comes to this court by writ of error.

It appears from the record that prior to the institution of this action the same plaintiff had brought another action of ejectment against the same defendant concerning the same piece of land. After the first cause had been pending for some time a paper entitled "Stipulation and Discontinuance" was filed, reading as follows: "It is hereby stipulated and agreed by and between the parties to the above entitled action that the said defendant Kealakaa shall and does hereby disclaim and surrender to the said plaintiff, J. W. Ambrose, all claim of title to the land and premises situate at Lahaina, Island of Maui, described in the complaint filed herein. * * * And in consideration whereof the said plaintiff, J. W. Ambrose, does hereby discontinue further proceedings in said cause, he

(plaintiff) to pay all costs of court herein and waives all claim of damages against the said Kealakaa which he may have in the premises." This document, in addition to being signed on behalf of the plaintiff, bears the following signature: "Eugene Murphy, Attorney for defendant."

At the trial in the second cause the defendant, answering questions of court and counsel, said that the evidence which he desired to introduce in support of his claim of title by adverse possession related wholly to a possession held prior to the date of this so-called "Stipulation and Discontinuance." The evidence of adverse possession was objected to on the ground that the "Stipulation and Discontinuance" constituted a disclaimer by the defendant of all title to the property; that the defendant is now estopped to claim any title adversely to the plaintiff which is based upon possession held prior to the date of the disclaimer and that it has now become *res judicata* that the defendant has no title to the property. The objection was sustained and it was upon the theory of the objection that the evidence was excluded.

It is true that when in an action of ejectment the defendant disclaims title and upon such disclaimer judgment is entered in favor of plaintiff for the recovery of the land that judgment is *res judicata* as between the parties to the action with reference to the subject-matter involved; but in the case at bar we do not find from the record that there was any such judgment or anything corresponding thereto. There was a motion by Kealakaa in the first action of ejectment to set aside the "Stipulation and Discontinuance" on the ground that it had been filed without his signature, authorization or knowledge and in support of the motion affidavits were filed by the movant and a written decision upon the motion was rendered by the circuit judge. In that decision, however, the court, while finding that the discontinuance was filed at Kealakaa's

request and that Kealakaa was present in court "when the said cause was called" and that "the evidence or the preponderance of the evidence shows that Kealakaa desired the discontinuance in this case and so expressed himself, he being thoroughly informed that the discontinuance of the case would terminate this suit," and while denying the motion, expressly added that "what his" (Kealakaa's) "inducement for consenting to this discontinuance was, is a matter that is not adjudicated at this time" and made absolutely no finding or ruling on the question of whether or not Kealakaa understood that the document contained an absolute surrender of his (Kealakaa's) title or authorized the attorney to execute or file such a surrender. No judgment was in the first cause entered to the effect that the plaintiff was the owner of the land or that he recover the land or to the effect that Kealakaa had authorized the disclaimer. No judgment was in the first cause entered which in any wise adjudicated the rights of the parties to the land. The defense of *res judicata,* which relates to a judicial adjudication of rights in litigation, cannot therefore be successfully interposed in this case.

It is not contended that the document under consideration is in effect a deed from Kealakaa to Ambrose; but it is argued that the filing of the document estops Kealakaa from now claiming that he has any title acquired prior to the date of the filing. Construing the "Stipulation and Discontinuance" in the manner contended for by the plaintiff in this case it is an absolute disclaimer and surrender of all Kealakaa's title. This an attorney ordinarily has not the power to do on behalf of his client. Section 2329, R. L. 1915, provides that "no such practitioner" (referring to attorneys at law) "shall have power to compromise, arbitrate or settle such matters confided to him, unless upon special authority in writing from his

client." If he has not the power to compromise, arbitrate or settle, much less has he the power to entirely surrender the rights of a client to an opponent. It is at least open to Kealakaa to claim, and to adduce proof in support of the claim, that the execution of the document was without his authority and without his knowledge; and the question of authorization should be left to the jury for it to determine upon the evidence adduced by both parties. Whether, if Kealakaa did authorize the disclaimer, his act constitutes an interruption against him of the statute of limitations or deprives him of title which he had theretofore acquired by adverse possession or estops him from asserting such prior-acquired title, need not at this time be considered or determined. Upon a new trial these questions may not arise at all or may arise under circumstances materially different from those surrounding the present assignments of error. It may be that upon a new trial the verdict will be such as to render the same or similar assignments of error unnecessary or impossible.

For the same reasons also we prefer not to consider at this time the other rulings which have been assigned as error in these proceedings.

The judgment below is reversed and a new trial is ordered.

*E. R. Bevins* for plaintiff in error.

*Enos Vincent* for defendant in error.